**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| **Yasmani Toyo Lara,** | ) | |
| **Petitioner,** | ) | |
| **v.** | ) | **Civil Action No. 1:26-cv-14415- LTS** |
| **Antone Moniz et al.,** | ) | |
| **Respondent(s).** | ) | |

**ORDER CONCERNING SERVICE OF PETITION**
**AND STAY OF TRANSFER OR REMOVAL**

**SOROKIN, D. J.**

Yasmani Toyo Lara, a Cuba national, has filed a petition for a writ of habeas corpus seeking release from custody. Upon review of the petition, the Court hereby directs and orders as follows.

**1. Service of Petition and Deadline for Response**

The Clerk of this Court shall serve a copy of the petition upon respondents and the United States Attorney for the District of Massachusetts.

To ensure that the relevant government officials have notice of this Order, the Clerk is directed to serve a copy of this Order on the United States Attorney for the District of Massachusetts and to the Chief of the Civil Division at the same office by attaching it to an email sent to their government email addresses.

Respondents shall answer or otherwise respond to the petition no later than Thursday, October 1, 2026.

**2. Jurisdiction**

Petitioner has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241(a), contending that they are being unlawfully confined in violation of the Constitution and laws of the United States.

The protections of the Constitution apply to all persons within the jurisdiction of the United States, including citizens and non-citizens alike, and including those persons who are present in the United States without authorization. See Plyler v. Doe, 457 U.S. 202, 210 (1982) ("Aliens, even aliens whose presence in this country is unlawful, have long been recognized as 'persons' guaranteed due process of law by the Fifth and Fourteenth Amendments").

Although a federal district court does not generally have subject-matter jurisdiction to review orders of removal issued by an immigration court, see 8 U.S.C. § 1252(a)(1), (g), it does have jurisdiction over habeas petitions. 28 U.S.C. § 2241(a); see U.S. Const. art. I, § 9, cl. 2 ("The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it.").

Here, it appears that the relief sought is not review of an immigration order or an injunction or stay preventing the execution of such an order. Instead, Petitioner alleges that they were subject to arrest and detention (and prospective removal) in violation of the Constitution and laws of the United States. The Court therefore has subject-matter jurisdiction to consider the petition under 28 U.S.C. § 2241(a).

Even if this Court ultimately concludes that it lacks jurisdiction over this petition, the Court nonetheless has power to act to preserve the status quo in the near term. A federal court "always has jurisdiction to determine its own jurisdiction," including its own subject-matter jurisdiction. Brownback v. King, 592 U.S. 209, 218-19 (2021) (quoting United States v. Ruiz,

536 U.S. 622, 628 (2002)). To give the Court an opportunity to consider whether it has subject-matter jurisdiction—and, if so, to determine the merits of the habeas petition—the Court may order Respondents to preserve the status quo. See United States v. United Mine Workers of Am., 330 U.S. 258, 293 (1947) (ruling that "the District Court ha[s] the power to preserve existing conditions while it [is] determining its own authority to grant injunctive relief," unless the assertion of jurisdiction is frivolous). Such an order is valid unless and until it is overturned, even when the issuing court lacks subject-matter jurisdiction to determine the merits of the underlying action. See id. at 294-95. That principle applies with even greater force where, as here, the action the Court enjoins would otherwise destroy its jurisdiction or moot the case. See United States v. Shipp, 203 U.S. 563, 573 (1906).

**3. Order**

To provide an opportunity for a fair and orderly consideration of this matter and resolve any contested issues about jurisdiction, and unless otherwise ordered by the Court, it is hereby ORDERED as follows:

**a. Stay of Transfer or Removal**

The petition alleges that Petitioner is being held in the District of Massachusetts. See Doc. No. 1. Petitioner shall not be transferred to another district unless the government provides advance notice of the intended move. Such notice shall be filed in writing on the docket in this proceeding, and it shall state the reason(s) why the government believes such a movement is necessary and should not be stayed pending further court proceedings. Petitioner shall not be moved out of this District for a period of at least 72 hours from the time the government dockets the notice described in this paragraph.

If the government contests that Petitioner is presently confined in the District of Massachusetts, the government shall file a notice in writing on the docket in this action stating the name and location of the facility in which Petitioner is confined. Such notice shall be provided promptly after the government becomes aware of that fact.

Petitioner shall not be deported, removed, or otherwise transferred outside the United States until further Order of this Court.

**b. Measurement of Time Periods**

If any time period stated in hours "would end on a Saturday, Sunday, or legal holiday, the period continues to run until the same time on the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(2)(C). If any time period stated in days "would end on a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. 6(a)(1)(C).

Any time period or deadline set forth herein may be shortened or extended as may be appropriate only by further order of the Court.

**SO ORDERED.**

/s/ Leo T. Sorokin
United States District Judge

Issued at Boston, Massachusetts
September 28, 2026
10:13 a.m.